UNITES STATES FEDERAL DISTRICT COURT
FIRST DISTRICT OF EASTERN MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                C.A NO.

|  |  |
|---|---|
| JASON W. BARONE-CICHOCKI,<br>                  Plaintiff<br><br>vs.<br><br>DAVID PEKOSKE, EXECUTIVE DIRECTOR<br>OF THE TRANSPORTATION SECURITY<br>ADMINISTRATION and THE<br>TRANSPORTATION SECURITY<br>ADMINISTRATION,<br>                  Defendants | COMPLAINT |

### GENERAL INFORMATION APPLICABLE TO ALL PARTIES AND CLAIMS:

1. The Plaintiff, Jason W. Barone-Cichocki, is a natural person and a Citizen of the United States, who, at all times material hereto, resides at 107 Franklin Street, County of Suffolk and the Commonwealth of Massachusetts. Plaintiff is legally blind and on May 21, 2018 was at Terminal 5 South, New York JFK Airport traveling from New York to Boston;

2. David Pekoske, is the Executive Director of the Transportation Security Administration and is named as a Defendant in only his official capacity. This Defendant makes as his principal place of business the address of 601 South 12th Street, TSA-9, Arlington, Virginia;

3. The Transportation Security Administration is a Sub-Agency of the Department of Homeland Security and of the Federal Government of the United States, and makes as its principal place of business the address of 601 South 12th Street, TSA-9, Arlington, Virginia;

### COUNT I. ASSAULT AND BATTERY (TECHNICAL)

4. On May 21, 2018, while proceeding through the security line at JFK Airport, Plaintiff, being in the expedited security line for Jet Blue Airlines, removed all

      required items from his person (pockets) and placed them in the bins for scanning, informed TSA Security Personnel that he was blind, and as such, could not pass through the body scanner;

5. Plaintiff then requested that the Security Officer inform other Officers of his situation and ineligibility to go through the body scanner;

6. Instead of proceeding according to protocol and the information that Plaintiff was blind, several Officers moved Plaintiff to the side and made him wait on the side, treating him as if he had opted out or refused to go through the scanner;

7. As a result of the miscommunication or failed communication of Plaintiff's condition, Plaintiff was forced to wait for another MALE Security Officer who then subjected Plaintiff to secondary screening, a frisking procedure where Plaintiff was patted down and touched from top to bottom *and* into his underwear;

8. By virtue of Plaintiff's medical condition of blindness, he was ineligible to go through the body scanner. At the same time, the process Plaintiff was put through over his objection was unconsented to touching, and a violation of his person, and his privacy, and as a result, Plaintiff was injured and was damaged.

## COUNT II: FALSE IMPRISONMENT/UNLAWFUL DETAINMENT

Plaintiff repeats, realleges, and incorporates by reference each of the allegations contained in Paragraphs 1 through 8 above, as though specifically restated herein, and in addition thereto, states the following:

9. Plaintiff was unlawfully detained, against his will, and in violation of Defendant's Internal Policy and as a result thereof, was further damaged and subjected to humiliation and embarrassment;

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff repeats, realleges, and incorporates by reference each of the allegations contained in Paragraphs 1 through 9 above, as though specifically restated herein, and in addition thereto, states the following:

10. Plaintiff is an individual who at an earlier age was indecently assaulted and who continues to suffers from Post-Traumatic Stress Disorder;

11. The unconsented to touching, patting down, frisking, and entry into Plaintiff's underwear was unnecessary, in violation of Plaintiff's right to privacy, in violation of TSA Policies and Procedures, and was extreme and insensitive, and caused Plaintiff great pain and distress of mind and body, and exacerbated his existing P.T.S.D. unreasonably and to such a degree that no person should have endured said extreme conduct;

12. As a direct and proximate result thereof, Plaintiff sustained and continues to sustain emotional distress and agitation of his pre-existing condition of P.T.S.D., and has been further damaged.

### COUNT IV: VIOLATION OF THE U.S. CONSTITUTION
### PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHT
### 42 U.S.C. § 1983

Plaintiff repeats, realleges, and incorporates by reference each of the allegations contained in Paragraphs 1 through 12 above, as though specifically restated herein, and in addition thereto, states the following:

13. Plaintiff, as a blind individual possessing a medical disability is a member of a Protected Class of individuals with the U.S. Constitution and with the Massachusetts Bill of Rights;

14. The negligence of Security Officers of TSA, in violating their own Internal Policies and Procedures was and is a violation of Plaintiff's Constitutional Rights, as well as a violation of the Massachusetts Bill of Rights;

15. As a result of this egregious conduct, Plaintiff has, and will continue to sustain damages and harm, and emotional distress in a manner no person should be forced to endure.

WHEREFORE, Plaintiff Demands:

1. Judgment on Count I in the amount of $1,000,000.00 or such other sum as is deemed reasonable in light of the said violation of Plaintiff's Personal Rights;

2. Judgment on Count II in an amount to be declared at Trial together with Interest and Costs;

3. Judgment on Count III in an amount to be declared at Trial together with Interest and Costs;

4. Judgment on Count IV in an amount to be declared at Trial together with Interest and Costs; and

5. For such further relief as this Honorable Court deems just and equitable.

## PLAINTIFF'S VERIFICATION

I, Jason Barone-Cichocki, the Plaintiff in the above entitled matter, do hereby certify that I have read the within Verified Complaint and after having read the same, do state that in all aspects of the Verified Complaint are true and accurate.

Signed under the pains and penalties of perjury this 11th day of May, 2021.

_____  5/11/21
Jason Barone-Cichocki

Dated: May 11, 2021

Respectfully submitted,
Jason W. Barone-Cichocki,
By his Attorney,

_____
David T. Fulmer, Esq.
576 Main Street
Winchester, MA 01890
Telephone: (781) 721-2111
              (617) 549-6970
B.B.O. # 181330